*Livingston Circuit.*

## DANIEL R. NEWMAN

### vs.

## MAYNARD BOWMAN.

*Assault and Battery—Measure of damages when the general issue is
pleaded.*

The plea of the general issue only admits proof denying that any assault
was committed.

Justification can only be proved when notice of the special matter in
defence is annexed to the plea of the general issue

But under the general issue defendant may offer proof of all the circum-
stances in the case, in mitigation of damages.

Assault and battery defined.    Evidence defined.    Nominal damages and
exemplary damages distinguished.    Preponderance of evidence.

Duty of the jury in weighing evidence explained.

January Term, 1884.

Both parties are farmers, residing in the town of
————————, Livingston county.   The defendant's father
had dug a drain across a portion of his farm.   The
result was that plaintiff's farm was, to some extent,
flooded.   This led to a war of words between the plain-
tiff and defendant's father.   The defendant came up
while they were engaged in this conversation.

Defendant claimed that plaintiff drew a knife upon
him and advanced towards him, and that his assault
upon plaintiff was thus provoked, and that all he did
was in self defence.

Plaintiff claimed that he only drew a knife after defendant had knocked him down twice.

The jury found a verdict for plaintiff for $75.

### CHARGE OF THE COURT.

HON. WM. NEWTON, Judge of the Seventh Judicial Circuit, presided upon the trial, and charged the jury as follows :

Gentlemen of the jury :

Some requests were handed me last night on the part of the plaintiff, the substance of which I will incorporate in the general charge which I will read to you directly. Defendant's counsel, this morning, after the assembling of the court, presented some requests which I will give you :

1. "If the plaintiff provoked the defendant, and the assault was the result of that provocation, he could recover nothing beyond actual damages; at least he would be precluded from claiming any damage for injured feelings or mental anxiety."

2. "If the jury believe the evidence to the effect that the plaintiff made the first assault upon the defendant, according to the testimony of the defendant and his witnesses, in a menacing and threatening manner with knife in hand, then the jury are to take into consideration such evidence by way of mitigation of any damages arising in the case, even to the extent of reducing such damages to merely nominal damages."

3.  " If the jury believe the testimony of the defendant and his witnesses to the effect that the first assault was made by the plaintiff with knife in hand, then in order to obtain any more than nominal damages, the burden of proof is upon the plaintiff to show that the force employed by the defendant in resisting and defending his person, was excessive."

4.  " The jury are instructed that any evidence of the plaintiff's acts and purposes in the matter, which the defendant has shown, as being a provocation, and by the jury believed to be a provocation of the assault for which suit was brought, such evidence may be considered in mitigation of such assault, and in explaining the surrounding circumstances, provided such evidence tends to prove only facts which occurred at the same time and form a part of the *res gestæ*."

5.—" If you are satisfied from the evidence, that the defendant was threatened with an immediate attack by the plaintiff, armed with a deadly weapon, he would be authorized to act."  I have added:  " To use necessary force to repel his assailant, and his actions are to be judged in the light of the circumstances, as they appear in the evidence."

6.—" If from all the circumstances in the case, the jury believe that the defendant employed only such force in protecting his person as the exigencies of the time demanded, then the damages would only be nominal."

The action, gentlemen, is one of trespass brought by the plaintiff to recover damages for an alleged assault

and battery to his person, last summer, by the defend
ant.

An assault and battery is committed where a man
without any sufficient cause, excuse or justification,
intentionally assaults and beats the person of another,
inflicting upon him bodily injury. But it is not con-
fined always to corporal injury. For to spit in a man's
face, insolently and in anger and designedly, would also
be an assault and battery, although no bodily pain was
inflicted. In a case of this kind also, the defendant,
when the suit is commenced is entitled to file a plea.
Where he denies, simply, that the assault and battery
has been committed by him, the general issue answers
that purpose. Where he intends to justify his conduct
by showing that he was first assailed and that he was
subject to great bodily injury and that he, in order to
protect himself, had used only force sufficient to repel
the agressor, he is required in order to make out that
justification to give the plaintiff notice of his defense.
In this case, for some reason not explained, no notice
was attached to the plea. They pleaded simply the gen-
eral issue. That put in issue the fact of an assault and
battery having been committed, but it would not allow
evidence of justification, because the rules of law require
that that should be pleaded. Under our system we do
not resort to what was called pleas at the common law
or special pleas, setting up the special matter, but a
notice is required under our practice to be given to the
plaintiff that he may be apprised distinctly of the
defence to be made. This was not done, but on the trial
the defendant proposed to offer in evidence all the cir-
cumstances attending this transaction in mitigation of

the damages which the plaintiff would be entitled to recover.  I stated at the time I had considerable doubt about the right of the court to admit testimony which would have been admissible as a full defense, if true, under a special plea or notice, but, for the furtherance of justice and that no undue advantage might be taken of the defendant, I preferred to allow the testimony in mitigation of damages.  It is before you for that purpose, and that only.  In considering this case, gentlemen, and every other case of assault and battery, it is necessary that you should consider the age, the size and the physical ability of the parties in the assault, as well as the fact of their being armed or not armed.  The plaintiff in this case is a man over the age of fifty years. The defendant is a young man of the age of twenty-two years.  The injuries received have been detailed to you by Mr. Newman, Mr. Whittaker, Mr. Vreeland, by his (Vreeland's) father, and by the physician.  Also the circumstances attending the affray upon that occasion have been detailed to you by Mr. Newman, Mr. Whittaker, and his father, and you remember what the testimony is.  On the part of the defense there is no attempt to deny that an assault and battery had been committed, nor the extent of the injuries inflicted.  But he claims that the plaintiff with knife in hand, within striking distance of him, and in a hostile manner, made the first assault on him, and that believing he was in imminent peril of great bodily injury to himself, he inflicted the injuries complained of.  And he further claims that the force he used was no greater than was necessary to shield and defend himself. To maintain this he was a witness in his own behalf.

He also called his father and his sister, Charles Graham, Frank Lockwood and Charles Lockwood to support his version of the transaction. You will observe the direct and palpable conflict of testimony between the witnesses for the plaintiff and the witnesses for the defense concerning the origin of the affray. It is confined to a very narrow compass. Whether Mr. Newman was there unarmed at that time, or whether he was armed with a knife open in his hand, the conflict is direct and palpable. And the court has no power to aid you by intimating any opinion as to the credit to be given to any witness, nor the weight to be given to the testimony of any witness. The law has wisely left the determination of all questions of fact, and also the determination of the credit of the witnesses and the weight to be given to testimony to the jury. And I cite what the supreme court of this State has said on this subject : " The jurors and they alone are to judge of the facts and weight of the evidence. The law has established this tribunal because it is believed that from its numbers, the mode of their selection, and the fact that the jurors come from all classes of society they are better calculated to judge of motives, weight, probabilities, and take what may be called a common sense view of a set of circumstances involving the acts detailed in evidence, than any single man, however pure, wise and eminent he may be."

You therefore see how important your position is. You are a part of this tribunal ; how important the duty is which you are to perform, in view of the direct and palpable contradiction of the witnesses on the part of the plaintiff and on the part of the defendant.

Usually there are discrepancies in testimony growing out of the imperfections of human memory, understanding or misunderstanding of the facts stated by the witnesses, and which can easily be reconciled with an honest purpose on the part of witnesses and may be chargeable to mistake or misapprehension. But that state of things does not appear to exist in this case. One or the other of these sides has not told the truth. Such a contradiction of facts going to the merits of the controversy and affecting the opinion of damages could not exist in harmony with honesty on the part of some of the witnesses. The defendant has pleaded only the general issue and given no notice of justification. The evidence given of what occurred was allowed in mitigation of damages. And if the defendant and his witnesses have told you the truth—if you believe them—then the assault and battery was not wicked and malicious on the part of the defendant and was only to protect himself. And although he cannot under the general issue justify the act, the plaintiff could only recover nominal damages. He could not recover actual or exemplary damages.

Now, gentlemen, somebody has sought to pollute and and darken the fountain of justice, to corrupt its channels and render justice abortive in doing that which is just and right between the parties to this suit. The purpose of the court and the jury is to ascertain the truth and do justice between the parties according to the evidence Evidence is not merely that which a witness swears to. Evidence is that which satisfies the consciences, and convinces the minds of the jurors of the truth of the existence of a fact sought to be established. The plain-

tiff must produce a preponderance of evidence in support of his claim before he can recover. But a preponderance of evidence does not mean the number of witnesses on one side or the other. It means rather the quality and kind of evidence produced. If that which is produced satisfies your minds of its truth—if it points you to the very right of the controversy, it is your duty to follow it, for it is sterling, and not counterfeit. Although the truth may be obscured or dimmed by the imperfections of human observation or by the corruption of dishonest witnesses, it is your duty to follow it, the truth, and make it the Polar star of your conclusions.

You have a right to consider the interest any witness may have in the case, his means and accuracy of observation—whether the witness is honest or dishonest; to consider also the manner of the witness in giving his testimony. You can consider whether the story told by any witness is reasonable and consistent in itself or otherwise. Is it unnatural and inconsistent? You alone can determine these questions. I cannot give you, under our system, any view or opinion that may be entertained by the court as to the facts. You alone must determine the facts. I therefore charge you, that if the testimony of the plaintiff and that offered on his behalf satisfies you of its truth the plaintiff will be entitled to recover all the actual damages he has sustained as the natural result of the injury complained of. He will also be entitled to such exemplary or reasonable damages as you may think right in view of all the circumstances of the case. And you may consider the humiliation and disgrace, and the bodily and mental pain or suffering caused to the plaintiff by reason of

the assault and battery inflicted upon him in a public place in the presence of his neighbors. You will also consider whether or not the assaulting and beating of the plaintiff was malicious and cruel, for malice and wanton cruelty tend to increase the damages. But if the defendant's version is true, then the plaintiff could only recover nominal damages, unless you find the defendant made use of greater force than was necessary to protect himself. For though the plaintiff may have made the first assault, that would not warrant the defendant in using any more force than was necessary to repel the assault, and if you find from the evidence that he did use more force than was necessary by following the plaintiff after he ceased the struggle or retreated or attempted to do so, then every blow struck by the defendant after that would be an excess of force and would make him a wrong doer. Or, if while he was down, if you find any danger threatened by the plaintiff or defendant had ceased, and you find that he kicked him, and if you further find that such kicking was cruel and unnecessary and produced an injury to the shoulder of the plaintiff, the defendant would be liable for all the actual damages sustained by him, and the probability of future damages resulting naturally from the injury inflicted at that time. But if you find that any excess of force used was wanton and cruel and unnecessary, then the plaintiff would be entitled to recover for wounded feelings and the humiliation suffered by him, such reasonable damages as in your best judgment, without passion or prejudice, you may think him entitled to. Such damages cannot be proved to you by dollars and cents, and in such case the law leaves the question to your best judgment.

That is all I desire to say to you, gentlemen.

(To the Clerk) Swear an officer.

*R. H. Person* and ———— *Warren* for Plaintiff.

*E. H. Sellers* and *Dennis* and *Terrance Shields* for Defendant.